## **EXHIBIT A**

**PROPOSED RECOGNITION ORDER**

ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Ken Coleman
Amélie Baudot

*Counsel for Ernst & Young Inc. as the Monitor
and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Metcalf & Mansfield Alternative Investments et al., | Case No. 09-_____ (___) |
| Debtors in Foreign Proceedings. | Jointly Administered |

**ORDER GRANTING RECOGNITION, ENFORCEMENT
OF CANADIAN ORDERS AND RELATED RELIEF**

This matter was brought before the Court by Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") and authorized foreign representative of Metcalfe & Mansfield Alternative Investments II Corp., ("**Metcalfe II**"), Metcalfe & Mansfield Alternative Investments III Corp. ("**Metcalfe III**"), Metcalfe & Mansfield Alternative Investments V Corp. ("**Metcalfe V**"), Metcalfe & Mansfield Alternative Investments XI Corp. ("**Metcalfe XI**"), Metcalfe & Mansfield Alternative Investments XII Corp. ("**Metcalfe XII**"), 6932819 Canada Inc. ("**6932819**") and 4446372 Canada Inc., ("**4446372**" and together with Metcalfe II, Metcalfe III, Metcalfe V, Metcalfe XI, Metcalfe XII, and 6932819, the "**Issuer Trustees**"), which are the trustees of the third-party (non-bank sponsored) conduit trusts, and the debtors in proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C.

2

1985, c. C-36, as amended (the "**CCAA**") pending before the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**").

This Court has reviewed the Verified Petitions For Recognition of Foreign Proceedings which were filed on November 10, 2009 for each Issuer Trustee (collectively, the "**Chapter 15 Petitions**") commencing the above-captioned chapter 15 cases (collectively, the "**Chapter 15 Cases**") pursuant to sections 1504, 1515 and 1517 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), and seeking enforcement pursuant to sections 1507, 1521(a) and 105(a) of the Bankruptcy Code of the Amended Sanction Order and the Plan Implementation Order of the Ontario Court (together, the "**Canadian Orders**") and attached hereto as Exhibits 1 and 2, respectively.

Due and timely notice of the filing of the Chapter 15 Petitions was given in accordance with this Court's order dated November___, 2008, approving the form of notice and manner of service thereof, which notice is deemed adequate for all purposes such that no other or further notice thereof need be given. No objections to the Chapter 15 Petitions or any of the relief sought thereby have been filed with the Court.

Therefore, after due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follows:

(A)    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code.

(B)    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

(C)    Venue is proper in this District pursuant to 28 U.S.C. §§ 1410(3).

(D)    The Monitor is a person within the meaning of section 101(41) of the Bankruptcy Code and is the duly appointed foreign representative of each Issuer Trustee within the meaning of section 101(24) of the Bankruptcy Code.

(E)    The Chapter 15 Cases were properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

   (F) The Chapter 15 Petitions meet the requirements of section 1515 of the Bankruptcy Code.

   (G) The Canadian Proceedings are foreign proceedings within the meaning of section 101(23) of the Bankruptcy Code.

   (H) The Canadian Proceedings are entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

   (I) The Canadian Proceedings are pending in Canada, which is the location of each Issuer Trustee's center of main interests, and as such, constitute foreign main proceedings pursuant to section 1502(4) of the Bankruptcy Code and are entitled to recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code.

   (J) The Monitor is entitled to all the relief provided by section 1520 of the Bankruptcy Code without limitation.

   (K) The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to section 1521 of the Bankruptcy Code, and will not cause any hardship to any party in interest that is not outweighed by the benefits of granting that relief.

   (L) The interest of the public will be served by this Court granting the relief requested by the Monitor.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

   1. The Canadian Proceedings are hereby recognized as foreign main proceedings pursuant to section 1517 of the Bankruptcy Code.

   2. All provisions of section 1520 of the Bankruptcy Code apply in these Chapter 15 Cases, including, without limitation, the stay under section 362 of the Bankruptcy Code throughout the duration of these Chapter 15 Cases or until otherwise ordered by this Court.

   3. The Canadian Orders are hereby given full force and effect in the United States and are binding on all persons subject to this court's jurisdiction pursuant to sections 1521(a)(7), 1507 and 105(a) of the Bankruptcy Code.

4. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

5. Notice of entry of this order shall be served in accordance with this Court's prior order directing the manner of service and notice.  Such service in accordance with this Order shall constitute adequate and sufficient service and notice of this Order.

6. The Chapter 15 Petitions and copies of the Canadian Orders shall be made available upon request at the offices of Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020 to the attention of Amélie Baudot, (212) 610-6300, amelie.baudot@allenovery.com.

7. Notwithstanding Bankruptcy Rule 7062, made applicable to these Chapter 15 Cases by Bankruptcy Rule 1018, this Order shall be immediately effective and enforceable upon its entry, and upon its entry, this Order shall become final and appealable.

Dated:  New York, New York
        _____ \_\_\_, 2009

                                               UNITED STATES BANKRUPTCY JUDGE